# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM LACEY, | ) |
|         Petitioner, | ) |
| v. | ) CAUSE NO. 3:06-CV-145 TS |
| JOHN R. VanNATTA, | ) |
|         Respondent. | ) |

## OPINION AND ORDER

William Lacey, a *pro se* prisoner, filed this habeas corpus petition challenging his thirty-day loss of good time in case MCF-04-12-0547, on January 5, 2005. The loss was imposed by the Disciplinary Hearing Board (DHB) at the Miami Correctional Facility for violation of C-366, being in an unauthorized area. The respondent filed a response and the petitioner filed a traverse.

Lacey argues that the evidence is insufficient to support the finding of guilt because he was not in an unauthorized area. Lacey attaches a copy of an informal conduct report in which he received a one week recreation restriction on December 20, 2004. On the basis of that document, he argues that his recreation restriction ended on December 27, 2004, the day before he received a conduct report for improperly being in a recreation area. The respondent does not dispute the accuracy of that report and attaches a copy of it to his memorandum. However, he argues that the informal recreation restriction report does not state when the restriction begins or ends.

While it appears that Lacey is correct, that is not relevant. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid

>of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

"In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, two staff reports indicate that Lacey was on recreation restriction from December 22, 2004, until January 4, 2005. That is some evidence that he was not to be in a recreation area and that he was guilty of being in a restricted area. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates). The Court may not weigh the conflicting evidence and conduct its own fact finding as to whether the

petitioner's restrictions indeed lasted through January 4 rather than December 27 as stated in the disciplinary document. Those questions are beyond the scope of this a habeas corpus proceeding.[1]

For the foregoing reasons, the habeas corpus petition is **DENIED**. Counsel for the Respondent is **ORDERED** to deliver a copy of this opinion to the Final Reviewing Authority.

SO ORDERED on January 26, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[1] That is not to say that the Final Reviewing Authority, which did not specifically address these anomalies in its February 28, 2005, opinion, could not choose to re-open the appeal and provide a fuller analysis of them.